UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW REYLAND, Individually, and as Next Friend of SASHA REYLAND, A Minor,<br><br>   Plaintiffs,<br><br> v.<br><br>LA PETITE ACADEMY, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:25-cv-00747-RHH<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Consent Motion to Remand. (ECF No. 13.) This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). (ECF No. 17.)

Plaintiff filed this action against Defendant in the Circuit Court of the Twenty-First Judicial Circuit in St. Louis County, alleging negligence that resulted in bodily harm and mental anguish to the minor plaintiff. (ECF No. 6.) Defendant removed this action from state court, alleging the Court has original jurisdiction based on 28 U.S.C. § 1332(a). Defendant then filed the present consent motion to remand, stating that after the removal of the case, Plaintiff Matthew Reyland agreed to and signed a Stipulation of Damages and Affidavit, individually and on behalf of the minor plaintiff, indicating that he will not seek, ask, or accept an amount of damages from Defendant in excess of $75,000, exclusive of interests and costs. Plaintiff's Affidavit was attached to Defendant's motion. (ECF No. 13-1.)

For the Court to have original jurisdiction in this matter, the amount in controversy must exceed $75,000 and there must be diversity of citizenship among the parties. 28 U.S.C. § 1332(a).

1

The district court has previously held that "[a]llowing a plaintiff to unequivocally establish his or her damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount in controversy requirement" to keep the diversity caseload of the federal courts under some modicum of control. *Walsh v. J.B. Hunt Transport, Inc.*, 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998) (citing *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 209 (3d Cir. 1995)). Defendant correctly asserts that Plaintiffs established via affidavit that their damages claimed and sought are less than $75,000. Therefore, the Court finds that Defendant cannot meet its burden to show that the amount in controversy exceeds $75,000 and thus there is no diversity jurisdiction. Because diversity jurisdiction is lacking and no other basis appears on the face of the Petition upon which this Court's subject matter jurisdiction may be invoked, remand of this matter to the State court is appropriate. 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Consent Motion to Remand is **GRANTED**. (ECF No. 13.)

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri pursuant to 28 U.S.C. § 1447(c).

Dated this 17th day of June, 2025.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE